IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CENTURY SURETY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-cv-0724-MJR |
| | ) | |
| BP CORPORATION NORTH AMERICA, INC. f/k/a BP Amoco Corporation, BUCK'S, INC., and BP PRODUCTS NORTH AMERICA, INC., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER

REAGAN, District Judge:

On August 23, 2011, Century Surety Company filed a complaint for declaratory judgment against the above-named Defendants. Century asks the Court to find and declare that it has no duty to defend, indemnify or reimburse Defendants with respect to any of the claims asserted in the underlying action, *Vincent Brown v. Terry Collins, et al.*, Case No. 11-L-140, now pending in the Circuit Court of St. Clair County, Illinois.

On October 6, 2012, Century filed its motion for entry of default against Defendant Vincent Brown (Doc. 42). The Clerk entered default on October 9, 2012 (Doc. 43). On November 19, Century moved for a judgment of default (Doc. 46). That same day, the Court set a hearing on Century's motion, directing Century's counsel to serve a copy of the hearing notice on Brown (Doc. 47).

Defendant Brown failed to appear at the hearing, but the Court reserved ruling on the motion for default judgment pending Century's submitting proof of

1

service on Brown of the Court's November 19 Order (Doc. 54). Approximately six weeks later, the Court denied Century's motion for default judgment because Century had not submitted the proof of service required by Court Order (Doc. 60). On February 21, 2013, pursuant to Federal Rule of Civil Procedure 41(b), the Court dismissed this action as to Defendant Brown without prejudice for failure to seek a default judgment with proper documentation and failure to prosecute.

Century moves for relief from that Order, stating,

> In reviewing the Court's Order (Doc. 64) and previous pleadings and orders in this matter, Plaintiff's attorney realizes that his failure to file the return of service of the summons on Defendant Brown and the proof of service of the Notice of the December 13, 2012, hearing is interpreted by the Court as failure to comply with the Court's previous Orders and lack of diligence in pursuing Plaintiff's action as to Defendant Brown.
>
> The undersigned attorney apologizes to the Court for not having filed proof of service earlier, and asks the Court to reconsider its Order of December 21st.

In other words, Century asks the Court to reconsider its ruling. Technically, a "motion to reconsider" does not exist under the Federal Rules of Civil Procedure. But such motions are routinely filed, and they generally are treated as motions to alter or amend judgment under Rule 59(e) *or* motions for relief from judgment/order under Rule 60(b). *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994).

Different standards and time-tables govern Rule 59(e) and Rule 60(b) motions. Rule 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or presents newly discovered evidence that was not previously available. *See, e.g., Sigsworth v. City of Aurora*, 487 F.3d 506, 511-

12 (7th Cir. 2007).Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the deadline for filing a Rule 59(b) motion.

Prior to 2006, the law of this Circuit provided a bright-line test -- any motion filed within ten days of judgment had to be construed as falling under Rule 59(e), and any motion filed after that period had to be construed as falling under Rule 60(b). *See, e.g., Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 762 (7th Cir. 2001)(reiterating that when a motion to alter or amend under Rule 59(e) "is filed more than 10 days after entry of judgment, [it] automatically becomes a Rule 60(b) motion."). In *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006), the Court of Appeals declared that district courts should analyze each post-judgment motion based on its *substance*, as opposed to the date on which the motion was filed.  The Seventh Circuit reiterated this in *Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir. 2008): "whether a motion … should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it."

Rule 59(e) was amended effective December 1, 2009 so that the 10-day deadline became a 28-day deadline, but *Borrero* and *Obriecht* still guide the district court's analysis. Thus, this Court assesses motions to reconsider based on their substance – i.e., the reasons for relief articulated by the movant – as opposed to the title the movant chose for the motion or solely the date on which he filed it.

Although *Borrero* and *Obriecht* direct the Court to focus on the substance of the motion, the timing of the motion remains relevant. Rule 59(e) only applies to motions filed within 28 days after entry of judgment.[1] By contrast, a motion under Rule 60(b)(1) asserting mistake, inadvertence, surprise or excusable neglect may be filed within one year after entry of judgment. FED. R. CIV. P. 60(c)(1). With these principles in mind, the Court turns to the motion in the instant case.

Because the basis of Century's motion appears to be excusable neglect, the Court analyzes the motion under Rule 60(b)(1). The Court cannot find that Century's counsel's inattentiveness was even partially justified so as to fall "within the gray area between carelessness and excusable neglect." *Hough v. Local 134, Int'l Bhd. of Elec. Workers*, 867 F.2d 1018, 1022 (7th Cir. 1989). Century's counsel had a responsibility to follow Court orders and provide required documentation. It is clear from the attachments to the motion that service was made and that proof merely needed to be submitted to the Court to obtain default judgment. Even when the Court denied default judgment for failure to provide the documentation, Century did not act. Instead, approximately a year-and-a-half after this action was filed, Defendant Brown had not appeared, and Century had not taken the steps necessary to achieve default judgment.

---

[1] And only motions filed within the 28-day deadline of Rule 59(e) toll the time for filing an appeal. Stated another way, motions filed after the 28-day period do not suspend the finality of a judgment. *See York Group, Inc. v. Wuxi Taihu Tractor Co., Ltd.*, 632 F.3d 399, 401 (7th Cir. 2011).

"Although attorney carelessness can constitute 'excusable neglect' under Rule 60(b)(1), … attorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant." *Easley v. Kirmsee,* 382 F.3d 693, 698 (7th Cir. 2004) (citing *In re Plunkett,* 82 F.3d 738, 742 (7th Cir.1996) ("Missing a filing deadline because of slumber is fatal.") (internal citation and additional citations omitted). Century's attorneys' conduct can only be classified as inexcusable inattentiveness or neglect, rather than excusable carelessness. Moreover, courts possess an inherent authority to dismiss for want of prosecution "to achieve the orderly and expeditious disposition of cases." *Id.* (citations omitted).

In summary, Century has not demonstrated excusable neglect or any other basis under the Rules for granting relief from its February 21, 2013, Order.

Accordingly, tor the foregoing reasons, the Court **DENIES** Century's Motion for Relief from Order (Doc. 68).

IT IS SO ORDERED.

DATED this 29th day of March, 2013

s/Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge

In summary, the record reflects a failure by Century to prosecute this action against Brown.  Century had not filed evidence showing service on Brown within a year after the case was filed but was able to show that service was effected within four days of the Clerk issuing a notice of impending dismissal.  That alone stalled the case against Brown for approximately six months because Century did not move for entry of default until warned by the Clerk.  Moreover, Century again delayed the case by failing to obtain a judgment of default because it did not submit proper documentation as required by Court Order.  Eighteen months have passed since this case was filed, and trial is set in approximately five weeks.  Yet, Century has not taken the steps necessary to obtain default judgment against Brown.

A judge is not required to warn a plaintiff repeatedly, nor is he required to issue a formal rule to show cause before dismissing a case. *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003) (citing *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir.1993)).  In other words, "'A judge is not obliged to treat lawyers like children.'"  *Id.* (quoting *Ball*, 2 F.3d at 755).  The court need

only give an explicit warning. *Id.* This the Court did in September 2012 when the Court notified Century that the case would be dismissed if it did not effect service or, if service had been effected, seek a default. Five months later, this case is no farther forward as to Brown.

For the foregoing reasons, pursuant to Federal Rule of Civil Procedure 41(b), the Court **DISMISSES** this action as to Defendant Vincent Brown without prejudice for failure to seek a default judgment with proper documentation and failure to prosecute.

IT IS SO ORDERED.

DATED this 21st day of February, 2013

s/Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge
